UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

EDWIN PAULEY,

    Petitioner,

vs.

R. K. WONG, Warden,

    Respondent.
                         /

No. C 11-0186 PJH (PR)

**ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING PETITION; DENIAL OF CERTIFICATE OF APPEALABILITY**

Petitioner, a California prisoner currently incarcerated at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner also has applied for leave to proceed in forma pauperis; his motion (document number 4 on the docket) is **GRANTED**.

The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

In 1987, petitioner pleaded guilty to second degree murder. He was sentenced to sixteen years to life in prison. This petition is directed to a denial of parole on January 9, 2009. His state habeas petitions raising the issues he pursues here were denied.

## DISCUSSION

As grounds for federal habeas relief, petitioner asserts that: (1) There was not "some evidence" to support the denial of parole; and (2) the Board's action in setting his next hearing for three years in the future, rather than the one year that would have been available under previous law, violated his rights under the Ex Post Facto Clause of the Constitution and state law.

The United States Supreme Court has recently held: "In the context of parole . . . the procedures required [by the due process clause] are minimal . . . an opportunity to be heard and . . . a statement of the reasons why parole was denied . . . '[t]he Constitution . . . does not require more." *Swarthout v. Cooke*, 131 S.Ct. 859, 862 (2011). That is, there is no due process requirement that a parole denial be supported by "some evidence." Petitioner's first claim thus is without merit.

As to the second issue, the Ninth Circuit recently reversed the grant of a preliminary injunction against enforcement of Marsy's Law, holding that the plaintiffs were not likely to prevail on the merits of their claim that Marsy's Law violates the Ex Post Facto Clause, and that as a result the district court abused its discretion in granting the preliminary injunction. *See Gilman v. Schwarzenegger*, 638 F.3d 1101, 1105 (9th Cir. 2011). *Gilman*'s holding that the plaintiffs there were not likely to prevail on the merits makes clear that the state courts rejections here of the Marsy's Law claim could not have been unreasonable. Petitioner thus cannot obtain habeas relief on this claim. *See* 28 U.S.C. § 2254(d) (district court may not grant § 2254 petition unless state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."). And to the extent petitioner intends to present a claim that state law was violated, such violations cannot be grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). Petitioner's second claim also is without merit.

"Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring). That is the case here.

///

///

## CONCLUSION

Because habeas relief clearly is not available on either of petitioner's claims, the petition is legally insufficient and is **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (if it appears from petition and supporting materials that petitioner is not entitled to relief, court must dismiss petition).

A certificate of appealability is **DENIED** because jurists of reason would not find the court's ruling debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If petitioner wishes to appeal this ruling, he must file a timely notice of appeal and ask the United States Court of Appeals for the Ninth Circuit to grant a certificate of appealability. *See* R.App.P. 22(b)(1).

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 9, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.11\PAULEY186.DSM.wpd